UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO ANTONIO BARRERA NAVIDAD,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; and CHRISTOPHER LAROSE, Otay Mesa Detention Center,<br>Respondents. | Case No.: 3:26-cv-4614-JES-JAC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Mauricio Antonio Barrera-Navidad's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return and Petitioner filed a traverse. ECF Nos. 4 ("Return"), 5 ("Traverse"). After due consideration and for the reasons below, the Court **DENIES** the Petition without prejudice.

## I. BACKGROUND

Petitioner is a native of El Salvador who entered the United States without inspection to seek asylum on September 14, 2016. Pet. at 2; Return at 2. Petitioner was issued a notice to appear and released on an order of recognizance. *Id.*

On April 1, 2022, Petitioner was re-detained following criminal charges. *Id.* On December 20, 2022, Petitioner was granted withholding of removal to El Salvador under the Convention Against Torture, and ordered removed to El Salvador. *Id.* On January 12, 2023, Petitioner was released again on an order of supervision. *Id.*

Petitioner did not appeal his removal order, which became final on January 19, 2023. *Id.* Petitioner was re-detained again on August 10, 2026. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Once an immigration court enters a final order of removal, § 1231 governs the detention. Under this provision, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). After the 90-day period, detention is governed by § 1231(a)(3) or (a)(6) and the Due Process standards set

forth in *Zadyvdas*. 533 U.S. at 687. In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. *Id.* The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

It is not disputed that there is now a final order of removal against Petitioner, that the 90-day removal period triggered by Petitioner's final order of removal has passed, and that Petitioner is currently detained for the first time following that order becoming final. *See* Pet. at 3, 9-10; Return at 2. Petitioner has been detained following his final order of removal since August 10, 2026, almost one month at the time of writing of this order. Pet. ¶ 4. Petitioner's detention is thus within the six month presumptively reasonable period of detention following a final order of removal under *Zadvydas*, 533 U.S. at 701. Petitioner argues that his removal is not reasonably foreseeable because he has withholding of removal, but notes that Respondents have successfully executed third country removals this year. Pet. at 3-4. Respondents state that removal efforts are in process. Return at 5. Under these unique facts, and considering the six month period has not elapsed, Petitioner has not overcome the presumption of reasonableness set forth in *Zadvydas* to show his detention is not reasonable.

Accordingly, at this time, the Court **DENIES** Petitioner's petition. The denial, however, is without prejudice to Petitioner refiling should his detention post-removal detention extend past the 6-month period of presumptive reasonableness.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition without prejudice. The Clerk of the Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 28, 2026

Honorable James E. Simmons Jr.
United States District Judge