UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO ANTONIO BARRERA-NAVIDAD,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; and CHRISTOPHER LAROSE, Otay Mesa Detention Center,<br>Respondents. | Case No.: 3:26-cv-4614-JES-JAC<br>**ORDER:**<br>**(1) GRANTING MOTION FOR RECONSIDERATION; and**<br>**(2) GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[ECF Nos. 1, 8]** |

Before the Court is Petitioner's Motion for Reconsideration. ECF No. 8. Pursuant to the Court's Order to Show Cause (ECF No. 9), Respondents filed a Return and Petitioner filed a Reply. ECF Nos. 4, 5. After due consideration and for the reasons below, the Court **GRANTS** the Motion.

## I. BACKGROUND

Petitioner is a native of El Salvador who entered the United States without inspection to seek asylum on September 14, 2016. ECF No. 1 ("Pet.") at 2; ECF No. 4 ("Return") at 2. Petitioner was issued a notice to appear and released on an order of recognizance. Return at 2. On April 1, 2022, Petitioner was re-detained following criminal charges for which he was found not guilty. ECF No. 4-5 ("Exh. 5") at 2-5. On December 20, 2022, Petitioner was ordered removed but granted withholding of removal to El Salvador under the Convention Against Torture. Return at 2. On January 12, 2023, Petitioner was again released on an order of supervision. *Id.* Petitioner did not appeal his removal order, which became final on January 19, 2023. *Id.*

For the next three years, Petitioner remained at liberty in Maryland where he lived with his wife and six children, applied for and received work authorization, and complied with all the terms of his supervision. Pet. at 2–3. Petitioner was re-detained for a second time on August 10, 2026, while he was on his way to work. *Id.* at 3.

Petitioner filed a Petition for Writ of Habeas Corpus on August 12, 2026. *See generally* Pet. After full briefing, this Court denied the Petition on August 28, 2026, in large part because Petitioner's confinement fell within the six-month presumptively reasonable period of post-removal-order detention established in *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). ECF No. 6. at 3 ("Under these unique facts, and considering the six month period has not elapsed, Petitioner has not overcome the presumption of reasonableness set forth in *Zadvydas* to show his detention is not reasonable.").

## II. LEGAL STANDARD

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). A motion for reconsideration should not be granted unless the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In motions for reconsideration, "manifest injustice" is a catch-all term that encompasses situations that the court views as fundamentally unfair. *Galen v. Redfin Corp.*, No. 14-cv-05229-TEH, 2015 WL 7734137, at *4 (N.D. Cal. Dec. 1, 2015). Put differently, "[m]anifest injustice exists where there is a flaw in the court's decision that without correction would lead to inequitable results." *Quintero v. Palmer*, No. 3:13-cv-00008-MMD-VPL, 2017 WL 384693, at *4 (D. Nev. Jan. 27, 2017).

## III. DISCUSSION

Petitioner argues that his Motion for Reconsideration should be granted to prevent manifest injustice. ECF No. 11 at 2 ("This motion has been made to prevent manifest injustice. As laid out in Mr. Barrera Navidad's motion, this Court and many others regularly order release where Respondents fail to follow their own regulations and due process when re-detaining individuals. ECF No. 8 at 2. To fail to do so now would place Mr. Barrera-Navidad in a different and worse position from all others who have suffered the same illegal re-detention.").

Petitioner offers two bases on which their Motion should be granted. ECF No. 8 at 2. First, Respondents violated their own regulations and due process when they re-detained Petitioner, and this Court has previously granted release to remedy such violations. *Id.* at 2–5. Second, the Court incorrectly calculated the *Zadvydas* six-month grace period from the start of Petitioner's detention ("date-of-detention interpretation"), not the date his order of removal became administratively final ("date-of-final-order interpretation"), and thus afforded Petitioner's detention an improper presumption of reasonableness. *Id.* at 5–8.

Because this Court agrees with Petitioner's second argument, it declines to address Petitioner's first argument regarding regulatory violations.

### A. Petitioner's Detention Was Not Entitled to a Presumption of Reasonableness.

The Court agrees that Petitioner's detention was not entitled to a presumption of reasonableness because it fell outside of the six-month grace period under *Zadvydas*, for the reasons set forth in *Osson v. LaRose*, No 3:26-cv-4834-JES-JLB, ECF No. 16 (S.D. Cal. Oct. 9, 2026). The Court incorporates its reasoning in that case by reference here and

now holds that the presumptively reasonable period of Petitioner's post-removal-order detention expired on July 19, 2023, six months after his order of removal became administratively final. *See Zadvydas*, 533 U.S. at 701.

Respondents oppose Petitioner's Motion for Reconsideration, arguing insufficient grounds under Fed. R. Civ. P. 59(e). ECF No. 10 at 2. However, given this Court's holding in *Osson*, granting the instant Motion is necessary to avoid manifest injustice of treating similarly situated petitioners differently regarding their habeas claims. *See Walter v. United States*, 969 F.2d 814, 817 (9th Cir. 1992) (finding manifest injustice where similarly-situated codefendants were treated differently regarding their speedy trial claims).

Osson and Petitioner are similarly situated: their habeas petitions would be premature under the date-of-detention interpretation of *Zadvydas*, but not under the date-of-final-order interpretation. Again, this Court denied the instant Petition under the date-of-detention interpretation. *See* ECF No. 6 at 3. Because this Court applied the date-of-final-order interpretation in *Osson*, thus allowing his petition to proceed to the next stage of analysis, it would be inequitable and fundamentally unfair to Petitioner to not apply the same interpretation to his Petition and instead permit the prior denial to stand. Thus, the Court disagrees with Respondents that there are insufficient grounds to grant Petitioner's Motion for Reconsideration.

**B. Petitioner Is Not Likely to Be Removed in the Reasonably Foreseeable Future.**

As in *Osson*, while the date-of-final-order interpretation means that the instant Petition is not automatically denied, it does not mean that it is automatically granted. Instead, it proceeds to the next stage of the *Zadvydas* analysis. With the six-month grace period having expired, Petitioner must now provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," whereupon the burden shifts to the Government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Petitioner has made a sufficient showing to meet his burden under *Zadvydas*. Petitioner claims that since his re-detention he has not received any information or paperwork regarding the revocation of his prior supervision, future travel plans, or potential destinations. ECF No. 1-2 at 2-3. Because Petitioner was granted withholding of removal to El Salvador, Respondents must identify an alternate country that will accept him. Pet. at 13. Petitioner argues that this is an exceptionally rare occurrence, with ICE successfully removing only five noncitizens to alternate countries between 2020 and 2023. *Id.* According to Petitioner, this is equivalent to less than two percent of all noncitizens granted withholding of removal. *Id.* Finally, Petitioner contends that Respondents have had four years to remove him, yet they have made little progress towards that end. *Id.* Given the difficulty of locating an alternate country of removal and the length of time that Respondents have already had to do so, this Court finds that Petitioner has sufficiently demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future.

Further, Respondents have failed to rebut Petitioner's showing. They claim they have "worked expeditiously" and "taken the exact steps [they need] to take" to effectuate Petitioner's removal to a third country, but they fail to identify what those steps were. Return at 5. They merely state that they are continuing "to diligently seek to identify a third country for Petitioner's removal." *Id.* at 3.

The Ninth Circuit has already held that seeking to identify an alternate country does not indicate a significant likelihood of removal in the reasonably foreseeable future. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (explaining that where no country has been identified for the petitioner's removal, "one cannot say that his removal is reasonably foreseeable").

On this record, Respondents have not demonstrated that removal is significantly likely in the reasonably foreseeable future. The Petition must, therefore, be granted.

**C. Petitioner's Criminal History Does Not Preclude His Immediate Release.**

As a concluding matter, this Court acknowledges that Petitioner's criminal record is not spotless. *See* ECF No. 4-5 at 1-5. However, *Zadvydas* involved a petitioner with a far more extensive criminal history than the instant Petition. *See Zadvydas*, 533 U.S. at 684. Consequently, this Court must provide the relief *Zadvydas* demands, which is immediate release. *See Xiao v. Noem*, No. 26cv474-LL-BJW, 2026 WL 2584733 (S.D. Cal. Sept. 1, 2026) (granting a motion for reconsideration when a petitioner with criminal history sought release, not just a bond hearing, under *Zadvydas*).

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Petitioner's Motion for Reconsideration and **VACATES** its August 28, 2026, Order Denying Petition for Writ of Habeas Corpus. *See* ECF No. 6. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **October 16, 2026**, confirming that Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 9, 2026

Honorable James E. Simmons Jr.
United States District Judge